**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

| | |
|---|---|
| In Re:<br>Francis G. Piller<br>       Debtor(s)<br><br>Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as trustee for ATC2021 Trust<br>       Movant<br>v.<br>Francis G. Piller<br>       Respondent(s) | Chapter: 13<br><br>Case No: 25-11771-djb |

**OBJECTION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR ATC2021 TRUST TO CONFIRMATION OF CHAPTER 13 PLAN WITH RESPECT TO THE REAL PROPERTY LOCATED AT 4167 APPLE STREET, PHILADELPHIA, PA 19127**

     Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as trustee for ATC2021 Trust (hereinafter, "Creditor"), through its Counsel, Stern & Eisenberg, PC, respectfully requests that this Honorable Court deny confirmation of the Chapter 13 Plan filed by Debtor Francis G. Piller (hereinafter, "Debtor"). In support thereof, Creditor respectfully represents as follows:

     1. On December 22, 2003, Francis Piller signed a note in the principal sum of $36,000.00 evidencing a loan from GMAC Mortgage Corporation DBA ditech.com in the same amount, secured by the real property located at 4167 Apple Street, Philadelphia, PA 19127 (hereinafter, the "Property"), as evidenced by a mortgage executed by Francis Piller in favor of GMAC Mortgage Corporation DBA ditech.com, which mortgage is duly recorded with the Recorder of Deeds for Philadelphia County on March 12, 2004 Instrument No. 50885990.

     2. By assignment of mortgage, the mortgage was ultimately assigned to Creditor.

     3. Debtor filed the Chapter 13 Bankruptcy Petition on May 5, 2025 and as a result, any State Court proceedings were stayed.

     4. Creditor objects to the Chapter 13 Plan (hereinafter, the "Plan") for the following reasons:

        a.    The Plan is infeasible in that the Plan:

            i.    is underfunded and does not provide sufficient funds to pay the claims

            ii.    Does not provide for sufficient funds to Creditor in order to pay the total amount due to Creditor in the amount of $70,684.59 together with reasonable interest over the life of the plan.  If the Debtor were to pay 6% then the total amount due would be approximately $81,991.87 over the life of a 60-month plan.

     5. By proposing to pay Creditor as proposed, the Plan violates the standards of 11 USC sections

1325(a)(5)(B)(i) and (ii) because it pays Creditor less than the allowed amount of such claim.

    6. This Objection is made in accordance with the Federal Rules of Bankruptcy Procedure.

    WHEREFORE, Creditor, Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as trustee for ATC2021 Trust, respectfully requests that this Honorable Court deny confirmation of the Chapter 13 Plan and dismiss the Chapter 13 Bankruptcy Petition together with such other relief this Court deems necessary and appropriate.

Respectfully submitted,

STERN & EISENBERG, PC

By: */s/ Daniel P. Jones*
Daniel P. Jones, Esquire
Stern & Eisenberg, PC
1581 Main Street, Suite 200
The Shops at Valley Square
Warrington, PA 18976
djones@sterneisenberg.com
Phone: (215) 572-8111
Fax: (215) 572-5025
Bar Number: 321876

Date: June 24, 2025    Counsel for Movant